IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KIMYUNA JACKSON,

                Plaintiff,

      v.

BOARD OF EDUCATION OF THE
CITY OF CHICAGO, *et al.,*

                Defendants.

Case No. 15 C 6990

Judge Harry D. Leinenweber

# ORDER

Plaintiff Kimyuna Jackson's Motion for Summary Judgment [ECF No. 50] is denied.

# STATEMENT

Before the Court is Plaintiff's second attempt to move for summary judgment. The Court denied her first motion on the grounds that it violated Local Rule 56.1 by failing to include a Statement of Material Facts. As the Court explained in its ruling, "Plaintiff has not filed anything that remotely resembles what the rule requires. Even though Plaintiff is proceeding *pro se,* this status does not relieve her of the obligation to comply with the Local Rule. *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998)." ECF No. 38 (Order Denying Mot. Summ. J.), Apr.7, 2016.

Plaintiff's current Motion for Summary Judgment again omits a Statement of Material Facts. In fact, the Motion is in large part identical to what was submitted, and rejected, previously. *Compare,* ECF No. 50 (Second Mot. for Summ. J.) ¶¶ 12-16, 19, 25-42 to ECF No. 30 (First Mot. for Summ. J.) at unnumbered

pages 5-15.   The Motion is still almost entirely lacking in
citations to the record.   Where there is something that can be
construed as direction to the evidentiary record, the "citation"
is either inaccurate or unilluminating.   For example, Plaintiff
at one point in her Motion directed the Court to look at "the
response the Plaintiff submitted 03/17/2016."   The Court looked
only to find that Plaintiff did not submit anything on this date
that can be found on the docket.   Likewise, Plaintiff said that
the Defendants' "change[d] story . . . can be read in the
testimonies submitted to the courts of the due process hearing
on 11/4/2015."   ECF No. 50 ¶ 8.   The Court read the 226-page
transcript from the hearing before the Impartial Hearing
Officer, a necessity since Plaintiff did not cite to any
specific testimony, and found that the relevant testimony did
not say what Plaintiff reported it to say.   *See,* ECF No. 22,
Ex. A at 62:22-66:5.

      In short, Plaintiff, to her detriment, has ignored what the
Court told her in its last ruling.   The Court here quotes that
opinion in the hopes that, however belatedly, its words may
provide guidance:

> Should the plaintiff wish to re-file a Motion for
> Summary Judgment, the Court cautions her to address
> the issue in the case:  whether the administrative
> record of the proceeding before the Impartial Hearing
> Officer clearly shows that her approval of the
> Individualized Education Plan adopted by the Chicago
> Board of Education was clearly erroneous.   In order to
> do so, Plaintiff must reference matters in the record
> that support her opposition.

      For the same reason that it denied summary judgment last
time, the Court must here do so again.   Nonetheless, the Court

is sympathetic to the fact that Plaintiff is proceeding *pro se* in a matter that may require legal sophistication. Accordingly, it exhorts her to search for counsel. It further repeats to her what it has said previously: she may refile a Motion for Attorney Representation but "she must list with specificity which [legal aid] entities she has contacted and explain why these entities were unable to assist her." ECF No. 44 (Order Denying Att'y Rep.), Apr. 18, 2016.


_____
        Harry D. Leinenweber, Judge
        United States District Court

Dated: February 15, 2017