# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KIMYUNA JACKSON, MOTHER OF
PLAINTIFF A MINOR CHILD,
JABARI LAMAR JACKSON,

       **Plaintiff,**

    **v.**

CHICAGO PUBLIC SCHOOLS, *et
al.* and THE ILLINOIS STATE
BOARD OF EDUCATION, *et al.,*

       **Defendants.**

Case No.  15 C 6990

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Kimyuna Jackson, mother of minor child, Jabari Lamar Jackson (Collectively, the "Plaintiff or plaintiffs"), seeks judicial review of the decision of an Independent Hearing Officer ("IHO") who found that the Defendant, Board of Education of the City of Chicago (the "Board"), developed an Individualized Education Plan ("IEP") which identified the Plaintiff-student's special education needs and services in a timely manner under the circumstances of this case.  Because the Plaintiff has failed to sustain her burden of proving the IHO wrong, the Plaintiff's Motion for Summary Judgment is denied and the case is dismissed with prejudice.

# I. <u>BACKGROUND</u>

This case has had a tortured procedural history due to the Plaintiff proceeding *pro se.* Back in August 2015 the Plaintiff filed a four-count Complaint against the Board to assert a tort (sexual assault) claim (Count I), and seeking to overturn the IHO's decision contending that (1) that Plaintiff did not receive a Free and Appropriate Public Education ("FAPE"), (2) the IHO exhibited and "unethical *[sic]* bias" toward plaintiffs during the due process hearing, and (3) that the Board violated the State and federal requirement that that Plaintiff's IEP be issued within 60 days of receiving a parental consent for an evaluation. (Counts II-IV). On August 18, 2015, the Court dismissed Count I as inappropriate for an administrative review proceeding and summarized all of her remaining claims as seeking judicial review of the IHO's decision approving the IEP for the plaintiff's son. On February 8, 2016, Plaintiff filed a Motion seeking Summary Judgment on the four counts of her Complaint as originally filed, even though the Court had dismissed Count I and consolidated her remaining claims into a single count. The Court summarily denied her Motion because, among other things, it violated Local Rule 56.1, and warned Plaintiff that if she wished to refile she needed to focus on the limited issue of whether the IHO's decision was erroneous. She then filed a

second Motion for Summary Judgment but once again failed to comply with Local Rule 56.1. The Court once more denied her Motion and again warned her that she needed to focus on the IHO decision and follow the local rules. On April 28, 2017, Plaintiff, now represented by counsel, filed her third Motion for Summary Judgment, which now focused only on the IEP's timeliness issue, to the exclusion of her claims that the Board had not provided Plaintiff with a FAPE or provided necessary services in a timely manner, and her ethnic bias claim.

## II. <u>STANDARD OF REVIEW</u>

Under the Individuals with Disabilities Education Act ("IDEA"), local agencies such as the Board have an affirmative duty to identify, locate and evaluate a potentially disabled child and provide an IEP, designed to provide need special education services. Failure to do so constitutes a denial of a FAPE, and is a violation of the IDEA. Under the IDEA a party dissatisfied with an IEP may seek review at a due process hearing before an IHO. The decision of the IHO in turn is reviewable by a federal district court, with the party seeking relief bearing the burden of proof. The reviewing court's role is to determine whether the District has complied with the procedural requirements of the IDEA and whether the IDE is reasonably calculated to enable the child to receive educational

benefits.    The reviewing court is to make its decision on a preponderance of the evidence standard, and shall grant such relief as the court determines is appropriate.    20 U.S.C.A. § 1415(i)(C).

The normal procedure before the reviewing court is to rule by summary judgment at the request of either party or both. The standard for summary judgment for this type of administrative review differs from the standard set forth in Rule 56 (FED. R. CIV. P. 56).    In this proceeding the court reviews the administrative record together with any additional evidence submitted and decides factual based on the preponderance of the evidence in the record.    The court also owes considerable deference to the hearing officer and may set aside the administrative order only if is strongly convinced that the order is erroneous.    *Evanston Community Consolidated School Dist. v. Michael M.,* 356 F.3d 798, 793 (7th Cir. 2004).

### III.    THE DUE PROCESS HEARING

On June 3, 2015, a due process hearing was held before the IHO.    Plaintiff represented herself at the hearing.    She had failed to provide the required pre-hearing disclosures ordered by the IHO at a prehearing conference.    At the hearing she also withdrew the list of witnesses she had previously provided to the IHO.    At the hearing, the Board presented six witnesses all

of whom had participated in the evaluation of the Plaintiff and helped formulate his IEP. These witnesses produced documentation relevant to Plaintiff's evaluations and the development of his IEP. The Plaintiff testified in her own behalf but presented no other witnesses, nor did she offer any documents into evidence. She did, however, conduct a cross-examination of the Board's witnesses.

Following the due process hearing the IHO found in favor of the Board on all contested issues, including a finding that the Board's evaluations were conducted within the IDEA's and Illinois' 60 school day time line although the IEP itself was developed outside the 60-day timeline. The IHO found that the that the delay was due to Plaintiff's failure to attend the scheduled meetings where the IEP was developed and the Board's continuing effort to include Plaintiff in the development process.

The specific factual findings made by the IHO upon which she relied to excuse the 60-day violation (with which Plaintiff apparently does not take issue, at least she did not do so at the due process hearing) included that the Board had made its evaluation and its determination of eligibility of plaintiff for an IEP within the 60-day deadline, but was not able to finalize the IEP by that due date. The IHO found that the delay in

completing the IEP was due to the Board's effort to include the Plaintiff mother in the development of the IEP. The IHO then described the specific efforts the Board undertook to try to involve the Plaintiff in the development of her son's IEP. This included a scheduling a meeting between the Board and Plaintiff to be held within the 60-day deadline, at which Plaintiff did not attend; the Board's multiple attempts to re-schedule a meeting with plaintiff in February and in March 2015; and multiple written notices and telephone calls to Plaintiff urging her to attend the scheduled meetings; and finally Plaintiff's failure to attend or at least acknowledge the invitations.

In her brief, the only response Plaintiff makes to the IHO's determination that the delay was excusable due to the Board's unsuccessful efforts to include Plaintiff in the development of the IEP was to point out that the final IEP did not substantially differ from an Independent Education Evaluation ("IEE") conducted in August 2014 at Plaintiff's expense which was prior to his enrollment at his school. Her point apparently was that the development of the IEP was unnecessary. She also complains that the Board did not include a "safety plan" in the IEP, which she contends was necessitated by an incident that allegedly occurred in January 2015. However the IHO pointed out in her decision that Plaintiff did not

present any evidence to support a finding that the Plaintiff's disabilities required a safety plan. Plaintiff withdrew witnesses who she claimed could support such a finding and did not herself testify about any such concerns she may have had. Therefore the record did not support her contention that a safety plan was necessary.

The Supreme Court in *Winkelman v. Parma City School District,* 550 U.S. 516, held that parents have independent enforceable rights in the entitlement of a free appropriate public education for their children. The statutory basis for this right is found in Section 1414(b)(1) which gives parents of a child the right to examine all records and to participate in all meetings with respect to the development of an IEP. This amounts to a statutory mandate that the parents be given the opportunity to be consulted and to participate in the development of an IEP. It would be inconsistent with this statutory mandate to penalize the Board because it was unable to complete the IEP within the 60-day deadline because it went out of its way to include the Plaintiff in the development of her child's IEP. The IHO's decision that the delay was excusable is supported by a preponderance of the evidence and the plaintiff's motion for summary judgment is denied.

One final note. The Plaintiff moved for summary judgment only on one of the several grounds upon which she took an appeal. The Board did not file a Cross-Motion. Normally a court would only issue a decision limited to what is requested in a Motion. However in a review of an administrative proceeding that is limited to the administrative record as supplemented there appears to be no reason not to issue a final judgment disposing of the case. Here the Plaintiff takes issue only with one of many findings of the IHO: the timeliness of the IEP. The Plaintiff did not offer any evidence at the due process hearing (other than her own testimony) and she did not raise objections to any other part of the IHO's decision.

## IV.  CONCLUSION

Since the record supports all parts of the decision, the Court denies the Plaintiff's Motion for Summary Judgment, and enters judgment in favor of the Board *sui sponte.*


**IT IS SO ORDERED.**


_____
     Harry D. Leinenweber, Judge
     United States District Court

Dated: June 13, 2017